**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **TERRI PERRONE, Individually and On Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | Case No. _____ |
| vs. | **CLASS ACTION COMPLAINT** |
| **FAMILY DOLLAR, INC., A North Carolina Corporation,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

Plaintiffs Terri Perrone ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, bring this Class Action Complaint against Defendant Family Dollar, Inc. ("Family Dollar"), for its negligent, reckless, and/or intentional practice of selling products that may be contaminated by virtue of a rodent infestation and other unsanitary conditions in stores throughout Missouri, Arkansas, Louisiana, Alabama, Mississippi and Tennessee (together, the "States"). Plaintiff seeks both injunctive and monetary relief on behalf of the proposed Classes (as defined herein), including requiring full and accurate disclosure of the rodent infestation and other unsanitary conditions and restoring monies to the members of the proposed Classes. Plaintiff alleges the following based upon personal knowledge, investigation by counsel, and facts that are a matter of public record and, as to all other matters, upon information and belief.

## I.    INTRODUCTION

1.      Family Dollar is a value store chain that aspires to be "[t]he best small-format value and convenience retailer, serving the needs of [its] shoppers in the neighborhoods [it] serves."[1]

2.      Family Dollar sells groceries and household goods at discounted prices in stores throughout the United States including over-the-counter medications, medical devices, dietary supplements, cosmetics, human food, and pet food (the "Products").

3.      On or about February 18, 2022, Family Dollar temporarily closed 404 of its stores in Missouri, Arkansas, Louisiana, Alabama, Mississippi and Tennessee after the U.S. Food and Drug Administration (FDA) announced that it had found unsanitary conditions, including a rodent infestation, inside Family Dollar Distribution Center 202 in West Memphis, Arkansas (the "Rodent

---

[1] https://www.familydollar.com/about-us (last visited 2/22/2022)

Infestation").[2]

4.    The Rodent Infestation—that was never disclosed to Family Dollar consumers prior to the FDA and Family Dollar's announcements—poses a health and safety hazard to consumers.

5.    There are numerous dangers associated with rodents including the potential presence of Salmonella, an organism which can cause serious and sometimes fatal infections in infants, young children, frail or elderly people, pregnant persons, persons with pre-existent pathology (e.g., patients with cancer undergoing chemotherapy treatments, organ transplant recipient, etc.) and others with weakened immune systems.

6.    Family Dollar has had actual knowledge of the Rodent Infestation since at least March 29, 2021.  Family Dollar knew or should have known of the Rodent Infestation from far earlier due to its obligation to inspect its facilities, including distribution centers, for safety and health-related issues. Nevertheless, Defendant chose to omit information about the Rodent Infestation and not to disclose Rodent Infestation to Plaintiffs and the Classes, so that it could continue to profit from the sale of the Products.

7.    According to the New York Times:

A recent Food and Drug Administration inspection of the facility, in West Memphis, Ark., found live and dead rodents "in various states of decay," rodent droppings, evidence of gnawing and nesting, and products stored in conditions that did not protect against these unsanitary conditions, the agency said in a statement on Friday.

A fumigation of the facility last month revealed more than 1,100 dead rodents, **and a review of company records indicated the collection of more than 2,300 rodents from late March to September, "demonstrating a history of infestation,"** the agency said.[3]

8.    It was only on February 18, 2022, that Family Dollar announced it would initiate a

---

[2] https://www.businesswire.com/news/home/20220218005563/en/Family-Dollar-Stores-Issues-Voluntary-Recall-of-Certain-FDA-Regulated-Products-in-Six-States-Including-Drugs-Devices-Cosmetics-Foods (last visited 2/22/2022)
[3] https://www.nytimes.com/2022/02/19/us/fda-family-dollar-recall.html (last visited 2/22/2022) (emphasis added)

voluntary retail level product recall of some FDA-regulated products that were affected by the Rodent Infestation.

9.     Despite its knowledge, Defendant omitted information regarding the Rodent Infestation from all advertising, promotion, or other contacts with Plaintiff and members of the Classes prior to their purchase of the Products and continued to ship the products to its stores from the warehouse. By knowingly failing to disclose the Rodent Infestation and associated risk of contamination to consumers and by failing to correct the problem, Plaintiffs and the Classes purchased Products of a lesser standard, grade and quality represented that do not meet ordinary and reasonable consumer expectations regarding the quality or value of the Products and are unfit for their intended purpose. Moreover, the contamination associated with the Rodent Infestation poses a health risk to consumers that used or handled the Products.

10.     Plaintiff brings this action on behalf of herself and all those similarly situated (the "Classes," "Class Members,") for Defendant's deceptive trade practices in violation of the consumer protection laws of the States. Plaintiff seeks damages, attorney fees and costs, punitive damages, and the replacement of, or refund of money paid to purchase the Products, and any other legal relief available for their claims. Should Plaintiff's demanded legal relief be unavailable or prove insufficient, Plaintiff seeks appropriate equitable and injunctive relief in the alternative pursuant to Fed. R. Civ. P. 8(a)(3).

## II.    **PARTIES**

11.     Plaintiff Terri Perrone ("Perrone" or "Plaintiff") is, and at all times relevant hereto has been, a citizen of Springfield, Greene County, Missouri. Plaintiff Perrone purchased various dry items throughout 2021, including toilet paper, toothbrushes, laundry detergent, ibuprofen, canned foods, candy bars, make-up foundation and dry dog food, from Family Dollar located in

Springfield, Missouri. These purchases were for her personal, family or household use. Plaintiff Perrone, at all times relevant hereto, acted as a reasonable consumer under the circumstances and would not have purchased the items but for Defendant's conduct alleged herein. Plaintiff Perrone, Class Members who are Missouri residents and Class Members who are residents of the States referred in Counts II-VI have suffered the same or similar damages as a direct result of Defendant's conduct alleged herein.

12.     During the time Plaintiffs purchased and used the Products, and due to the false and misleading claims and omissions by Defendant, Plaintiffs believed the products they purchased were safe. Plaintiff was unaware the Products contained, or had a risk of containing, Salmonella or other infectious diseases. Plaintiff would not have purchased the Products if the Rodent Infestation and the related potential for contamination with Salmonella or other infectious disease had been fully and accurately disclosed and represented.

13.     Defendant Family Dollar is incorporated under the laws of the state of North Carolina with its principal place of business located at 500 Volve Pkwy, Chesapeake, Virginia. Family Dollar is a brand under its parent company, Dollar Tree, Inc, a Virginia corporation with its principal place of business at the same location as Family Dollar. Defendant is responsible for the manufacturing, marketing, distribution, sale, and labeling of the Products to millions of consumers throughout the States, including in this District. Defendant created, allowed, negligently oversaw, and/or authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive labeling and advertising for the Products.

14.     The marketing and advertising relied on by Plaintiff was disseminated throughout the States, including this District, by Defendant and its agents through advertising, packaging, and labeling that contained the omissions alleged herein. The marketing and advertising were designed

to encourage consumers, and reasonably misled consumers, into purchasing the Products throughout the States, including this District.

## III.     JURISDICTION AND VENUE

15.     This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d) for the following reasons: (a) some of the class members are citizens of a state that is different from the citizenship of the Defendant; (b) the putative class size is greater than 100 persons; (c) the amount in controversy in the aggregate for the putative class exceeds the sum of $5 million, exclusive of interest and costs; and (d) the primary defendants do not include States, State officials, and/or other governmental entities against whom the district court may be foreclosed from ordering relief.

16.     This Court has original jurisdiction over this action under CAFA, 28 U.S.C. §1332(d), because, upon information and belief, no other class action has been filed asserting the same or similar factual allegations against the defendants on behalf of the same or other persons during the 3-year period preceding the filing of this class action.

**General Personal Jurisdiction**

17.     This Court has personal jurisdiction over Plaintiff who is a resident of the State of Missouri.

18.     This Court has both general and specific personal jurisdiction over the Defendant, Family Dollar.

19.     This Court has general personal jurisdiction over Defendant Family Dollar because Defendant operates in Missouri and because Defendant advertises, markets, and sells the Products in Missouri, accepts money from purchasers located in Missouri, has engaged in systematic and continuous business activities in Missouri, transacted substantial business with Missouri entities

and residents, and generally has sufficient minimum contacts in Missouri to satisfy the Missouri Long Arm Statute, RSMo. § 506.500.

**Specific Personal Jurisdiction**

20.    This Court has specific personal jurisdiction over Defendant arising from Defendant's advertising, marketing, and sale of the Products in Missouri, which at all relevant times, included or risked including dangerous substances, all of which have caused harm in Missouri as a result of the specific business activities complained of herein, either directly or through Defendant's agents.

21.    This Court has specific personal jurisdiction over Defendant because the advertising, marketing, and sale of the Products, which included or risked including dangerous substances, occurred in parts of Missouri that are located in the Western District of Missouri.

22.    Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §1391(b)(2), because Plaintiffs reside in the Western District of Missouri and ingested and handled the Products at issue within the confines of this District.

23.    Venue is proper in the Western District of Missouri under 28 U.S.C. §1391(b)(1) & (2) and 28 USC §1391(d) because Defendant regularly conducts substantial business within the Western District of Missouri.

24.    Venue is also proper in the Western District of Missouri under 28 U.S.C. §1391(b)(2) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this District, namely Defendant's advertisement, sale, and marketing of the Products, which occurred in this District and caused financial harm to members of the putative class that reside in this District.

## IV.    FACTUAL BACKGROUND

25.    On February 18, 2022, the U.S. Food and Drug Administration issued the following

press release:

> Today, the U.S. Food and Drug Administration is alerting the public that
> several categories of FDA-regulated products purchased from Jan. 1, 2021,
> through the present from Family Dollar stores in Alabama, Arkansas,
> Louisiana, Mississippi, Missouri and Tennessee may be unsafe for
> consumers to use. The impacted products originated from the company's
> distribution facility in West Memphis, Arkansas, where an FDA inspection
> found insanitary conditions, including a rodent infestation, that could cause
> many of the products to become contaminated. The FDA is working with
> the company to initiate a voluntary recall of the affected products.
>
> "Families rely on stores like Family Dollar for products such as food and
> medicine. They deserve products that are safe," said Associate
> Commissioner for Regulatory Affairs Judith McMeekin, Pharm.D. "No one
> should be subjected to products stored in the kind of unacceptable
> conditions that we found in this Family Dollar distribution facility. These
> conditions appear to be violations of federal law that could put families'
> health at risk. We will continue to work to protect consumers."
>
> This alert covers FDA-regulated products purchased from Family Dollar
> stores in those six states from Jan. 1, 2021, through the present. Some
> examples of these products include human foods (including dietary
> supplements (vitamin, herbal and mineral supplements)), cosmetics
> (skincare products, baby oils, lipsticks, shampoos, baby wipes), animal
> foods (kibble, pet treats, wild bird seed), medical devices (feminine hygiene
> products, surgical masks, contact lens cleaning solutions, bandages, nasal
> care products) and over-the-counter (OTC) medications (pain medications,
> eye drops, dental products, antacids, other medications for both adults and
> children).
>
> Consumers are advised not to use and to contact the company regarding
> impacted products. The agency is also advising that all drugs, medical
> devices, cosmetics and dietary supplements, regardless of packaging, be
> discarded. Food in non-permeable packaging (such as undamaged glass or
> all-metal cans) may be suitable for use if thoroughly cleaned and sanitized.
> Consumers should wash their hands immediately after handling any
> products from the affected Family Dollar stores.
>
> Consumers who recently purchased affected products should contact a
> health care professional immediately if they have health concerns after
> using or handling impacted products. Rodent contamination may cause

Salmonella and infectious diseases, which may pose the greatest risk to infants, children, pregnant women, the elderly and immunocompromised people.

Following a consumer complaint, the FDA began an investigation of the Family Dollar distribution facility in West Memphis, Arkansas, in January 2022. Family Dollar ceased distribution of products within days of the FDA inspection team's arrival on-site and the inspection concluded on Feb. 11. Conditions observed during the inspection included live rodents, dead rodents in various states of decay, rodent feces and urine, evidence of gnawing, nesting and rodent odors throughout the facility, dead birds and bird droppings, and products stored in conditions that did not protect against contamination. More than 1,100 dead rodents were recovered from the facility following a fumigation at the facility in January 2022. Additionally, a review of the company's internal records also indicated the collection of more than 2,300 rodents between Mar. 29 and Sep. 17, 2021, demonstrating a history of infestation.[4]

26.    On the same day, Family Dollar issued a press release indicating it was initiating a voluntary retail level product recall of "certain products regulated by the [FDA] that were stored and shipped to 404 stores from Family Dollar Distribution Center 202 in West Memphis, Arkansas from January 1, 2021, through the present due to the presence of rodents and rodent activity at Family Dollar Distribution Center 202."[5]

27.    Family Dollar acknowledges the health and safety concerns arising from the Rodent Infestation[6]:

There are numerous hazards associated with rodents including the potential presence of *Salmonella*. Use or consumption of affected products may present risk of illness due to the potential presence of *Salmonella*, an organism which can cause serious and sometimes fatal infections in infants, young children, frail or elderly people, pregnant persons, persons with pre-existent pathology (e.g., patients with cancer undergoing chemotherapy treatments, organ transplant recipient, etc.) and others with weakened immune systems. Healthy persons infected with *Salmonella* often experience fever, diarrhea (which may be bloody), nausea, vomiting and abdominal pain. In rare circumstances, infection with *Salmonella* can

---

[4] https://www.fda.gov/news-events/press-announcements/fda-alerts-public-potentially-contaminated-products-family-dollar-stores-six-states (last accessed 2/22/2022)
[5] https://www.businesswire.com/news/home/20220218005563/en/Family-Dollar-Stores-Issues-Voluntary-Recall-of-Certain-FDA-Regulated-Products-in-Six-States-Including-Drugs-Devices-Cosmetics-Foods (last visited 2/22/2022)
[6] *Id.*

result in the organism getting into the bloodstream and producing more severe illnesses such as arterial infections (*i.e.*, infected aneurysms), endocarditis and arthritis.

28.    Defendant's voluntary recall is limited in scope to certain FDA-regulated products[7]:

Products covered by this retail level recall include all: (i) drugs; (ii) medical devices; (iii) cosmetics; (iv) dietary supplements; and (v) human and animal (pet) food products. The recall does not apply to products shipped directly to the stores by the distributor or manufacturer, such as all frozen and refrigerated items. The 404 stores to which this recall applies are listed on the attached schedule. The recall does not apply to other store locations.

## V.    FRAUDULENT OMISSION ALLEGATIONS

29.    Absent discovery, Plaintiff is unaware of, and unable through reasonable investigation to obtain, the true names and identities of those individuals at Family Dollar responsible for disseminating unfair, deceptive, and misleading marketing materials regarding the Products.  Defendant is necessarily in possession of all this information. Plaintiff's claims arise out of Defendant's fraudulent omission of the Rodent Infestation.

30.    Plaintiffs alleges that at all relevant times, including specifically at the time she and Class Members purchased the Products, Defendant knew, should have known, or was reckless in not knowing of the Rodent Infestation; Defendant had a duty disclose information material to a consumer, such as the Rodent Infestation, based upon its exclusive knowledge; but Defendant never disclosed the Rodent Infestation to Plaintiff, Class Members, or the general public other than its halfhearted, inadequate recall of some Products.

31.    Plaintiff makes the following allegations as specific as reasonably possible:

a.    **Who:** *Family Dollar* actively omitted information concerning the existence of the Rodent Infestation from Plaintiff and Class Members at the point of sale or thereafter.  Defendant's agents should have and could have disclosed

---

[7] *Id.*

the Rodent Infestation. As to Plaintiff herself, Defendant should have and could have disclosed the Rodent Infestation at the time she purchased the Products or thereafter.

b. **What:** Family Dollar knew, should have known, or was reckless in not knowing, that the Products were exposed to Salmonella and other infectious diseases due to the Rodent Infestation. Despite its knowledge, Family Dollar *failed to disclose the Rodent Infestation* at the point of sale or thereafter.

c. **When:** Family Dollar's omissions began *from the start of the Class period and continue to this day*. Family Dollar has never taken any action to inform Plaintiffs, Class Members, or the general public of the true nature of the Rodent Infestation. As to Plaintiff herself, Defendant has continually omitted the true nature of the Rodent Infestation for the entirety of the relevant time period, including at the point of sale.

d. **Where:** Family Dollar's omissions occurred *in every commun*ication it had with Plaintiffs, Class Members, and the general public. As to Plaintiff herself, Defendant's omissions occurred in every communication it had with Plaintiff about the Products, including all communications that happened before, at the point of and after their purchases of the Products.

e. **How:** Defendant *omitted and failed to disclose* the Rodent Infestation to Plaintiff, Class Members, or the general public at the point of sale or thereafter via a press release, permanent warnings affixed to the Products, direct mail campaign, or otherwise. As to Plaintiff herself, Defendant

omitted and failed to disclose the Rodent Infestation in any communication
or point of sale document.

f.    **Why:** Due to corporate greed, Family Dollar omitted the Rodent Infestation
to deceive Plaintiff, Class Members, and the general public into buying
Products to *maximize its profits*. Furthering its goal to maximize profits,
Family Dollar failed to notify Class Members of the true nature of the
Rodent Infestation to avoid an avalanche of requests to refund Product
purchases. As to Plaintiff herself, Family Dollar omitted the Rodent
Infestation to deceive her into purchasing the Products, thereby maximizing
Defendant's profits and to avoid refunding the cost of the Products.

g.    **Causation:** Because Family Dollar failed to disclose the Rodent Infestation,
despite its extensive knowledge, Plaintiff and Class Members purchased
Products that did not or will not safely perform and as such are worth less
than one that does safely perform. Had Defendant disclosed the Rodent
Infestation, *Plaintiff and other Class Members would not have purchased
the Products, or certainly would have paid less for the Products*.

## VI.    **TOLLING OF STATUTES OF LIMITATIONS**

32.    Defendant was and remains under a continuing duty to disclose to Plaintiff and
members of the Classes the true character, quality, and nature of the Products, that the Products
were exposed to contamination by virtue of the Rodent Infestation, and that the Rodent Infestation
poses a health and safety concern to consumers and diminishes the value of the Products.

33.    As a result of this active concealment by Defendant, all applicable statutes of
limitations otherwise applicable to the allegations herein have been tolled.

### A.    DISCOVERY RULE TOLLING

34.    Class Members had no way of knowing about the Rodent Infestation and the other information concealed by Defendant.

35.    Within the time period of any applicable statutes of limitation, Plaintiff and the Class Members could not have discovered through the exercise of reasonable diligence that Defendant was concealing the Rodent Infestation.

36.    Plaintiff and the Class Members did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Defendant did not report information within its knowledge to federal authorities (including the FDA), their stores or consumers, nor would a reasonable and diligent investigation have disclosed that Defendant had information in its possession about the existence and dangerousness of the Rodent Infestation and opted to conceal that information until shortly before this action was filed.

37.    All applicable statutes of limitation have been tolled by operation of the discovery rule.

### B.    FRAUDULENT CONCEALMENT TOLLING

38.    All applicable statutes of limitation have also been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

39.    By failing to disclose the Rodent Infestation of which it was aware, Family Dollar disregarded the safety of consumers who purchased the Products.

### C.    ESTOPPEL

40.    Defendant was under a continuous duty to disclose to Plaintiff and the Class Members the true character, quality, and nature of the Rodent Infestation and the contamination

risks it posed to Products.

41.    Defendant knowingly, affirmatively, and actively concealed the Rodent Infestation and, thereby, the true nature, quality, and character of the Products from consumers, as well as the fact that the Rodent Infestation systematically devalued the Products and undermined consumer safety.

42.    Based on the foregoing, Defendant is estopped from relying on any statutes of limitations in defense of this action.

## VII.    CLASS ACTION ALLEGATION

43.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

Missouri Class
All persons residing in the state of Missouri who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

Arkansas Class
All persons residing in the state of Arkansas who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

Tennessee Class
All persons residing in the state of Tennessee who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

Alabama Class
All persons residing in the state of Alabama who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

Mississippi Class
All persons residing in the state of Mississippi who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

Louisiana Class
All persons residing in the state of Louisiana who, during the maximum period of time permitted by law, purchased Products from Family Dollar.

(Collectively referred to herein as the "Classes").

44.     Excluded from the Classes are Defendant, its employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliates of Defendant, Class Counsel and their employees, and the judicial officers and their immediate family members and associates court staff assigned to this case.

45.     Numerosity—Fed. R. Civ. P. 23(a)(1). The Classes are comprised of thousands of individuals who were Defendant's customers, the joinder of which in one action would be impracticable. The exact number or identification of the Class Members is presently unknown. The identity of the Class Members is ascertainable and can be determined based on Defendant's records.

46.     Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3). The questions of law and fact common to the Classes predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

(a)     whether Defendant owed a duty of care;

(b)     whether Defendant knew or should have known that the Rodent Infestation existed;

(c)     whether Defendant knew or should have known that the Rodent Infestation posed health and safety risks to consumers;

(d)     whether Defendant failed to disclose the Rodent Infestation;

(e)     whether Defendant's representations in advertising, warranties, packaging, and/or labeling are false, deceptive, and misleading;

(f)     whether those representations are likely to deceive a reasonable consumer;

(g)     whether Defendant had knowledge that those representations were false, deceptive, and misleading;

(h)     whether Defendant continues to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

(i)     whether Defendant's failure to disclose the Rodent Infestation is material to a reasonable consumer;

(j)     whether Defendant's marketing and advertising of the Products are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

(k)     whether Defendant violated State consumer protection laws; and

(l)     whether Plaintiff and the members of the Classes are entitled to declaratory and injunctive relief.

47.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs individually and on behalf of the other members of the Classes. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

48.     Typicality—Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of the members of the Classes in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

49.     Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1). Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interest incompatible with the interests of the Classes, and has retained counsel competent and experienced in class action, consumer protection, and false advertising litigation.

50.     Predominance—Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes.

51.    Superiority—Fed. R. Civ. P. 23(b)(3).  A class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Plaintiff and members of the Classes have suffered irreparable harm as a result of Defendant's bad faith, fraudulent, deceitful, unlawful, and unfair conduct.  Because of the size of the individual Class Members' claims, no Class Member could afford to seek legal redress for the wrongs identified in this Complaint.  Without the class action vehicle, the Classes would have no reasonable remedy and would continue to suffer losses, as Defendant continues to engage in the bad faith, unlawful, unfair, and deceptive conduct that is the subject of this Complaint, and Defendant would be permitted to retain the proceeds of its violations of law.  Further, individual litigation has the potential to result in inconsistent or contradictory judgments.  A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

52.    Plaintiff and the Classes do not anticipate any difficulty in the management of this litigation.

## VIII.    CAUSES OF ACTION

### COUNT I
### VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT
### (MO. REV. STAT. § 407.010, et seq.)
### (brought on behalf of the Missouri Class)

53.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

54.    The Defendants, individually or collectively, as sellers have engaged in deceptive and unfair practices and/or fraud in connection with the sale of merchandise in trade or commerce, as those terms are used and defined in the Missouri Merchandising Practices Act,

RSMo. §407.010 *et seq.* ("MMPA") as it relates to Plaintiff and the other putative Class Members.

55.    Under the MMPA, "merchandise" includes any "objects, wares, goods, commodities, intangibles, real estate or services" RSMo. §407.010 (4).

56.    Under the MMPA, "person" includes "a natural person," "for-profit corporation," "agent" or "employee" RSMo. §407.010 (5).

57.    Under the MMPA, "sale" includes a "sale, lease … or attempt to sell or lease merchandise for cash or on credit." RSMo. §407.010 (6).

58.    Under the MMPA, "the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale … of any merchandise in trade or commerce … is declared to be an unlawful practice." RSMo. §407.020.1.

59.    Under the MMPA, "any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale…" under RSMo. §407.020.1. *Conway v. CitiMortgage, Inc.,* 438 S.W. 3d 410, 415 (Mo banc 2014).

60.    Under Missouri 15 CSR 60 – 8.020: "an unfair practice is any practice which-

(A)    Either-

1.    Offends any public policy as it has been established by… statutes or common law of this state… or

2.    Is unethical, oppressive or unscrupulous; and

(B)    Presents a risk of, or causes, substantial injury to consumers."

61.    Under Missouri 15 CSR 60 – 8.090: "(1) It is an unfair practice for any person in connection with the … sale of merchandise to violate the duty of good faith in … performance,

or any manner fail to act in good faith (see section 400.2 – 103 (1) (b), *Restatement 2nd,*
*Contracts, section 205)."*

62.    Under Missouri 15 CSR 60 –9.040: "(1) (1) Fraud includes any acts, omissions or
artifices which involve falsehood, deception, trickery, breach of a legal or equitable duty, trust or
confidence, and are injurious to another or by which an undue or unconscious advantage over
another is obtained.

63.    (2) (2) Fraud, as used in section 407.020.1, RSMo. is not limited to common law
fraud or deceit and is not limited to finite rules, but extends to the infinite variations of human
invention." (Citations omitted).

64.    Plaintiff and the putative Class Members do not have to show their reliance in
order for Defendant to be liable for an unfair practice under the MMPA. *Hess v. Chase*
*Manhattan Bank*, USA, 200 S.W.3d 758, 774 (Mo banc 2007).

65.    The Defendant's intent is irrelevant to a determination of whether it violated the
MMPA. *State ex. rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633, 635 (Mo. App. 1988).

66.    The Defendant violated the MMPA by engaging in fraud, misrepresentation,
concealment, unfair practices and violations of the common law and statutes of Missouri (as
these terms are defined and used under the MMPA) in the sale of the Products to Plaintiff and the
Class Members.

67.    As a direct result of Defendant's acts or omissions as alleged herein Plaintiff and
Class Members have suffered the ascertainable losses as set forth above, including but not
limited to, the money they paid to purchase the Products.

68.    Under the MMPA, Plaintiff and Class Members are entitled to actual damages,
equitable relief, attorneys' fees and punitive damages under RSMo. §407.025.

69.    As to equitable relief in particular, each Plaintiff and each Class Member is entitled to the relief sought in Count IX of this Complaint.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count I of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Awarding treble damages and attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

**COUNT II**
**VIOLATION OF THE DECEPTIVE TRADE PRACTICE ACT**
**(ARK. CODE ANN. § 4-88-101, et seq.)**
**(brought on behalf of the Arkansas Class)**

70.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

71.    This claim is brought on behalf of Arkansas residents.

72.    Defendant and Plaintiffs are "persons" within the meaning of the Arkansas Deceptive Trade Practices Act ("Arkansas DTPA"), ARK. CODE ANN. § 4-88-102(5).

73.    The Products are "goods" within the meaning of ARK. CODE ANN. § 4-88-102(4).

74.    The Arkansas DTPA prohibits "[d]eceptive and unconscionable trade practices," which include, but are not limited to, a list of enumerated items, including "[e]ngaging in any other

unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" ARK. CODE ANN. § 4-88-107(a)(10). The Arkansas DTPA also prohibits the following when utilized in connection with the sale or advertisement of any goods: "(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." ARK. CODE ANN. § 4-88-108.

75.    By concealing the risks and harms associated with the use and handling of the Products (which due to the Rodent Infestation and other unsanitary conditions contain or have a risk of containing Salmonella or other infectious diseases), Defendant engaged in deceptive business practices, including representing that Products have characteristics, uses, benefits, and qualities which they do not have; representing that Products are of a particular standard, quality, and grade when they are not; and engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. All of this deception would be material to a reasonable consumer.

76.    Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

77.    By failing to disclose and by actively concealing the defects in the Products, Defendant engaged in unfair and deceptive business practices.

78.    In the course of Defendant's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the Products.

79.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

80.     Defendant intentionally and knowingly misrepresented material facts regarding the Products.

81.     Defendant knew or should have known that its conduct was violative.

82.     Defendant owed a duty to disclose the true safety and reliability of the Products.

83.     Because Defendant fraudulently concealed the harms and risks associated with the Products, consumers were deprived of the benefit of their bargain since the Products purchased were worth less than they would have been if they were free from such harms and risks.

84.     Plaintiffs suffered ascertainable loss caused by Defendants' misrepresentations and its concealment.

85.     As a direct and proximate result of Defendant's violations, Plaintiffs have suffered injury-in-fact and/or actual damage as alleged above. As a direct result of Defendant's misconduct, Plaintiffs and the Class incurred damages.

86.     As a result of Defendant's actions, Plaintiffs seek monetary relief against Defendant.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count II of this Class Action Petition:

(a)     Certifying the Classes as requested herein;

(b)     Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)     Awarding damages to the Plaintiff and proposed Class Members;

(d)      Awarding declaratory and injunctive relief as permitted by law or equity,

including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court

to be wrongful;

(e)      Awarding treble damages and attorneys' fees and costs; and

(f)      Providing such further relief as may be fair and reasonable.

## COUNT III
## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT
### (TENN. CODE ANN. § 47-18-101, et seq.)
### (brought on behalf of the Tennessee Class)

87.      Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

88.      This claim is brought on behalf of Tennessee residents.

89.      Plaintiffs are "natural persons" and "consumers" within the meaning of TENN.

CODE ANN. § 47-18-103(2).

90.      Defendant is a "person" within the meaning of TENN. CODE ANN. § 47-18-
103(2).

91.      Defendant's conduct complained of herein affected "trade," "commerce" or

"consumer transactions" within the meaning of TENN. CODE ANN. § 47-18-103(19).

92.      The Tennessee Consumer Protection Act ("Tennessee CPA") prohibits "[u]nfair or

deceptive acts or practices affecting the conduct of any trade or commerce," including but not

limited to: "Representing that goods or services have ... characteristics, [or] ... benefits ... that

they do not have...;" "Representing that goods or services are of a particular standard, quality or

grade... if they are of another;" and "Advertising goods or services with intent not to sell them as

advertised." TENN. CODE ANN. § 47-18-104.

93.     By concealing the risks and harms associated with the use and handling of the Products (which due to the Rodent Infestation and other unsanitary conditions contain or have a risk of containing Salmonella or other infectious diseases), Defendant engaged in deceptive business practices, including representing that Products have characteristics, uses, benefits, and qualities which they do not have; representing that Products are of a particular standard, quality, and grade when they are not; and engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. All of this deception would be material to a reasonable consumer.

94.     Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

95.     By failing to disclose and by actively concealing the defects in the Products, Defendant engaged in unfair and deceptive business practices.

96.     In the course of Defendant's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the Products.

97.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

98.     Defendant intentionally and knowingly misrepresented material facts regarding the Products.

99.     Defendant knew or should have known that its conduct was violative.

100.    Defendant owed a duty to disclose the true safety and reliability of the Products.

24

101.    Because Defendant fraudulently concealed the harms and risks associated with the Products, consumers were deprived of the benefit of their bargain since the Products purchased were worth less than they would have been if they were free from such harms and risks.

102.    Plaintiffs suffered ascertainable loss caused by Defendant's misrepresentations and its concealment.

103.    As a direct and proximate result of Defendant's violations, Plaintiffs have suffered injury-in-fact and/or actual damage as alleged above. As a direct result of Defendant's misconduct, Plaintiffs and the Class incurred damages.

104.    Pursuant to TENN. CODE § 47-18-109(a), Plaintiffs seek monetary relief against Defendant measured as actual damages in an amount to be determined at trial, treble damages as a result of Defendant's willful or knowing violations, and any other just and proper relief available under the Tennessee CPA.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count III of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Awarding treble damages and attorneys' fees and costs; and

(f)      Providing such further relief as may be fair and reasonable.

## COUNT IV
## VIOLATION OF ALABAMA DECEPTIVE TRADE PRACTICES ACT
### (ALA. CODE § 8-19-1, et seq.)
### (brought on behalf of the Alabama Class)

105.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

106.    This claim is brought on behalf of Alabama residents.

107.    Plaintiffs are "consumer[s]" within the meaning of ALA. CODE § 8-19-3(2).

108.    Plaintiffs are "person[s]" within the meaning of ALA. CODE § 8-19-3(5).

109.    The Products are "goods" within the meaning of ALA. CODE § 8-19-3(3).

110.    Defendant engaged in "trade or commerce" within the meaning of ALA. CODE § 8-19-3(8).

111.    The Alabama Deceptive Trade Practices Act ("Alabama DTPA") declares several specific actions to be unlawful, including: "(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have," "(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and "(27) Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." ALA. CODE § 8-19-5.

112.    By concealing the risks and harms associated with the use and handling of the Products (which due to the Rodent Infestation and other unsanitary conditions contain or have a risk of containing Salmonella or other infectious diseases), Defendant engaged in deceptive business practices prohibited by the Alabama DTPA, including representing that Products have characteristics, uses, benefits, and qualities which they do not have; representing that Products are of a particular standard, quality, and grade when they are not; and engaging in other

unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. All of this deception would be material to a reasonable consumer.

113.    Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

114.    By failing to disclose and by actively concealing the defects in the Products, Defendant engaged in unfair and deceptive business practices in violation of the Alabama DTPA.

115.    In the course of Defendant's business, it willfully failed to disclose and actively concealed the dangerous risks posed by the Products. Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

116.    Defendant intentionally and knowingly misrepresented material facts regarding the Products.

117.    Defendant knew or should have known that its conduct violated the Alabama DTPA.

118.    Defendant owed a duty to disclose the true safety and reliability of the Products.

119.    Because Defendant fraudulently concealed the harms and risks associated with the Products, consumers were deprived of the benefit of their bargain since the Products purchased were worth less than they would have been if they were free from such harms and risks.

120.    Plaintiffs suffered ascertainable loss caused by Defendant's misrepresentations and its concealment.

121.    As a direct and proximate result of Defendant's violations of the Alabama DTPA,

Plaintiffs have suffered injury-in-fact and/or actual damage as alleged above. As a direct result of

Defendant's misconduct, Plaintiffs and the Class incurred damages.

122.    Pursuant to ALA. CODE § 8-19-10, Plaintiffs seeks monetary relief against

Defendant.

123.    Plaintiffs also seek an order enjoining Defendant's unfair, unlawful, and/or

deceptive practices, attorneys' fees, and any other just and proper relief available under ALA.

CODE § 8-19-1, et seq.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a

judgment on Count IV of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the

Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity,

including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court

to be wrongful;

(e)    Awarding treble damages and attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

## COUNT V
## VIOLATION OF MISSISSIPPI CONSUMER PROTECTION ACT
### (MISS. CODE. ANN. § 75-24-1, et seq.)
### (brought on behalf of the Mississippi Class)

124.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

28

125.    This claim is brought on behalf of Mississippi residents.

126.    The Mississippi Consumer Protection Act ("Mississippi CPA") prohibits "unfair or deceptive trade practices in or affecting commerce." MISS. CODE. ANN. § 75-24-5(1). Unfair or deceptive practices include, but are not limited to, "(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;" "(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;" and "(i) Advertising goods or services with intent not to sell them as advertised."

127.    By concealing the risks and harms associated with the use and handling of the Products (which due to the Rodent Infestation and other unsanitary conditions contain or have a risk of containing Salmonella or other infectious diseases), Defendant engaged in deceptive business practices, including representing that Products have characteristics, uses, benefits, and qualities which they do not have; representing that Products are of a particular standard, quality, and grade when they are not; and engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. All of this deception would be material to a reasonable consumer.

128.    Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

129.    By failing to disclose and by actively concealing the defects in the Products, Defendant engaged in unfair and deceptive business practices.

130.    In the course of Defendant's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the Products.

131.    Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

132.    Defendant intentionally and knowingly misrepresented material facts regarding the Products.

133.    Defendant knew or should have known that its conduct was violative.

134.    Defendant owed a duty to disclose the true safety and reliability of the Products.

135.    Because Defendant fraudulently concealed the harms and risks associated with the Products, consumers were deprived of the benefit of their bargain since the Products purchased were worth less than they would have been if they were free from such harms and risks.

136.    Plaintiffs suffered ascertainable loss caused by Defendant's misrepresentations and its concealment.

137.    As a direct and proximate result of Defendant's violations, Plaintiffs have suffered injury-in-fact and/or actual damage as alleged above. As a direct result of Defendant's misconduct, Plaintiffs and the Class incurred damages.

138.    Plaintiffs seek actual damages in an amount to be determined at trial any other just and proper relief available under the Mississippi CPA.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count V of this Class Action Petition:

(a)    Certifying the Class as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

30

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity,

including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court

to be wrongful;

(e)    Awarding treble damages and attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

## COUNT VI
### VIOLATION OF THE LOUISIANA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW
### (LA. REV. STAT. § 51:1401, et seq.)
### (brought on behalf of the Louisiana Class)

139.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

140.    This claim is brought on behalf of Louisiana residents.

141.    Defendant and Plaintiffs are "persons" within the meaning of the LA. REV. STAT.

§ 51:1402(8).

142.    Plaintiffs are "consumer[s]" within the meaning of LA. REV. STAT. § 51:1402(1).

143.    The Louisiana Unfair Trade Practices and Consumer Protection Law ("Louisiana

CPL") makes unlawful "deceptive acts or practices in the conduct of any trade or commerce." LA.

REV. STAT. § 51:1405(A).

144.    By concealing the risks and harms associated with the use and handling of the

Products (which due to the Rodent Infestation and other unsanitary conditions contain or have a

risk of containing Salmonella or other infectious diseases), Defendant engaged in deceptive

business practices, including representing that Products have characteristics, uses, benefits, and

qualities which they do not have; representing that Products are of a particular standard, quality,

and grade when they are not; and engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. All of this deception would be material to a reasonable consumer.

145.    Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Products.

146.    By failing to disclose and by actively concealing the defects in the Products, Defendant engaged in unfair and deceptive business practices.

147.    In the course of Defendant's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the Products.

148.    Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs.

149.    Defendant intentionally and knowingly misrepresented material facts regarding the Products.

150.    Defendant knew or should have known that its conduct violated the Louisiana CPL.

151.    Defendant owed a duty to disclose the true safety and reliability of the Products.

152.    Because Defendant fraudulently concealed the harms and risks associated with the Products, consumers were deprived of the benefit of their bargain since the Products purchased were worth less than they would have been if they were free from such harms and risks.

153.    Plaintiffs suffered ascertainable loss caused by Defendant's misrepresentations and its concealment.

154.    As a direct and proximate result of Defendant'' violations, Plaintiffs have suffered injury-in-fact and/or actual damage as alleged above. As a direct result of Defendant's misconduct, Plaintiffs and the Class incurred damages.

155.    Pursuant to LA. REV. STAT. § 51:1409, Plaintiffs seek to recover actual damages in an amount to be determined at trial; treble damages for Defendant's knowing violations of the Louisiana CPL; an order enjoining Defendant's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under LA. REV. STAT. § 51:1409.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count VI of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Awarding treble damages and attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

## COUNT VII
## NEGLIGENCE
### (brought on behalf of the Classes)

156.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

157.    Defendant owed a duty to Plaintiff and the Classes to exercise reasonable care in the sale, quality control and marketing of the Products.

158.    Defendant breached its duty to Plaintiff and the Classes by marketing, selling, advertising and warranting defective Products (which contain or have a risk of containing Salmonella or other infectious diseases) to Plaintiff and the Classes, and by failing to take those steps necessary to discontinue selling the Products to consumers.

159.    Defendant was aware, or reasonably should have been aware, that the Products were harmful and did not perform their intended use.

160.    When they purchased the Products, Plaintiff and the Classes were unaware of their unsafe and dangerous nature.

161.    As a direct and proximate cause of the foregoing, Plaintiff and the Classes have suffered and will continue to suffer damages and economic loss described fully above.

162.    Plaintiff and the Classes are entitled to damages in an amount to be determined at trial.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count VII of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Providing such further relief as may be fair and reasonable.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY
### (brought on behalf of the Classes)

163.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

164.    Defendant is a merchant engaging in the sale of goods to Plaintiffs and the Class members.

165.    There was a sale of goods from Defendant to Plaintiff and the Class members.

166.    As set forth herein, Defendant marketed and sold the Products, and prior to the time the Products were purchased by Plaintiff and the Classes, Defendant impliedly warranted to them that they were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact made on the Products' packages and labels that they did not.

167.    Plaintiff and the Classes relied on Defendant's promises and affirmations of fact.

168.    Contrary to these representations and warranties, the Products were not fit for their ordinary use and did not conform to Defendant's representations.

169.    Defendant breached the implied warranties by selling Products that risk serious harm and Defendant were or should have been on notice of this breach.

170.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they have purchased the Products that are worth less than the price they paid and that they would not have purchased at all had they known the harms and risks that the Products contained.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count VIII of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Awarding attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

### COUNT IX
### UNJUST ENRICHMENT
### (brought on behalf of the Classes)

171.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

172.    Substantial benefits have been conferred on Defendant by Plaintiff and the Classes through the purchase of the Products. Defendant knowingly and willingly accepted and enjoyed these benefits.

173.    Defendant either knew or should have known that the payments rendered by Plaintiff and the Classes were given and received with the expectation that the Products would have the qualities, characteristics, ingredients, and suitability for use represented and warranted by Defendant. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

174.    Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the Classes.

175.    Plaintiff and the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a judgment on Count IX of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)    Awarding declaratory and injunctive relief as permitted by law or equity, including but not limited to directing Defendants to identify, with Court supervision, victims of their conduct and pay them the damages as a result of any act or practice declared by this Court to be wrongful;

(e)    Awarding attorneys' fees and costs; and

(f)    Providing such further relief as may be fair and reasonable.

## COUNT X
### FRAUDULENT CONCEALMENT AND FAILURE TO DISCLOSE
#### (brought on behalf of the Classes)

176.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

177.    During the Class period, Defendant knowingly, fraudulently, and actively misrepresented, omitted and concealed from consumers material facts relating to the quality of its Products.

178.    Defendant has a duty to disclose to Plaintiff and the Classes the actual quality of its Products which contain or have a risk of containing Salmonella or other infectious diseases.

179.    The misrepresentations, omissions and concealments complained of herein were material and were made on a uniform and market-wide basis.  As a direct and proximate result of these misrepresentations, omissions and concealments, Plaintiff and the Classes have been damaged, as alleged herein.

180.    Plaintiffs and the Classes reasonably and actually relied upon Defendant's representations, omissions and concealments.  Such reliance may also be imputed, based upon the materiality of Defendant's wrongful conduct.

181.    Based on such reliance, Plaintiff and the Classes purchased Products and, as a result, suffered and will continue to suffer damages and economic loss in an amount to be proven at trial.

182.    Had Plaintiff and the Classes been aware of the true nature of Defendant's business practices, they would not have purchased the Products.

183.    Defendant's acts and misconduct, as alleged herein, constitute oppression, fraud and/or malice entitling Plaintiff and the Classes to an award of punitive damages to the extent allowed in an amount appropriate to punish or to set an example of Defendant.

WHEREFORE, Plaintiff and each member of the proposed Classes pray for a judgment on Count X of this Class Action Petition:

(a)    Certifying the Classes as requested herein;

(b)    Entering an order appointing Aleshire Robb, P.C. as lead counsel for the Plaintiffs' Class;

(c)    Awarding damages to the Plaintiff and proposed Class Members;

(d)      Awarding declaratory and injunctive relief as permitted by law or equity,

including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court

to be wrongful;

(e)      Awarding attorneys' fees and costs; and

(f)      Providing such further relief as may be fair and reasonable.

**COUNT XI**
**DECLARATORY AND INJUNCTIVE RELIEF**
**(brought on behalf of the Classes)**

184.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

185.    Plaintiff and the Classes are entitled to declaratory relief establishing that

Defendant engaged in unfair and deceptive practices.

WHEREFORE, Plaintiff and each member of the proposed Plaintiffs' Class pray for a

judgment on Count XI of this Class Action Petition:

(a)      Certifying the Classes as requested herein;

(b)      Entering an order appointing Aleshire Robb, P.C. as lead counsel for the

Plaintiffs' Class;

(c)      Awarding damages to the Plaintiff and proposed Classes;

(d)      Awarding declaratory and injunctive relief as permitted by law or equity,

including but not limited to directing Defendants to identify, with Court supervision, victims of

their conduct and pay them the damages as a result of any act or practice declared by this Court

to be wrongful;

(e)      Awarding attorneys' fees and costs; and

(f)      Providing such further relief as may be fair and reasonable.

## IX.    **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: March 8, 2022

                                      Respectfully submitted,

                                        **ALESHIRE ROBB, P.C.**

By

                                        Gregory W. Aleshire  #38691
                                        William R. Robb     #43322
                                        Kevin J. Rapp      #57974
                                        2847 Ingram Mill Road , A-102
                                        Springfield, MO 65804
                                        417.869.3737  PHONE
                                        417.869.5678 FAX
                                        **ATTORNEYS FOR PLAINTIFFS**